[No. 7,870. Department One.—October 28, 1884.]

JARIUS HOGAN, APPELLANT, v. KATHARINE J. BLACK, ADMINISTRATRIX OF THE ESTATE OF GEORGE BLACK, DECEASED, ET AL., RESPONDENTS.

|66   41|
|d128 560|
|66   41|
|136  173|

ASSIGNMENT—NOTICE—SETTLEMENT OF CLAIM—DEFENSE.—A plaintiff in an action on a street assessment assigned his claim to his attorney. The defendant had no notice of the assignment, and settled the matter in suit with the plaintiff, who satisfied the demand, and cancelled the assessment. *Held*, that the assignee could not avail himself of the assignment as against the defendant, and that the settlement was a good defense to the action.

ATTORNEY—LIEN FOR FEES AND COSTS.—An attorney has no lien for fees and costs upon a judgment in favor of his client.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*J. C. Bates*, for Appellant.

*D. H. Whittemore*, for Respondents.

McKEE, J.—Pending the action in hand for the foreclosure of a street assessment lien, to satisfy a demand for work done under the street law of the city and county of San Francisco, the de-

fendants settled the matter in suit with the plaintiff in the action, by giving him a sum of money less than the amount demanded. Upon receiving the money, the plaintiff satisfied the demand and cancelled the assessment. But before doing so, he had assigned and set over the cause of action to his attorney in the action, and the latter continued the prosecution of the action in the name of the plaintiff without notice to the defendants of the assignment to him; and when the defendants settled with the plaintiff, they had no notice, actual or constructive, of any assignment by him.

As between the assignor and the assignee, the assignment transferred the interest of the plaintiff in the subject-matter of the action; but the assignee could not avail himself of the benefit of the same against the defendants in the action, without notifying them of the assignment, or without having himself substituted for the plaintiff in the action. (§ 385, C. C. P.; *Doll* v. *Anderson*, 27 Cal. 249.)

The settlement made by the defendants with the nominal plaintiff, without notice, actual or constructive, of any assignment of the cause of action, was, therefore, valid against the secret assignee (§ 368, *supra*); and his only remedy, under these circumstances, was against the plaintiff in the action, and not against the defendants. Nor did he have any attorney's lien for costs in the action, by which he could disturb the satisfaction of the demand and the cancellation of the assessment by the plaintiff. (*Mansfield* v. *Dorland*, 2 Cal. 507; *Russell* v. *Conway*, 11 Cal. 103.)

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.