[S. F. No. 5185. In Bank.—December 8, 1909.]

THOMAS H. FAGAN, Respondent, v. ELLEN T. LENTZ et al., Appellants.

APPEAL FROM ORDER DENYING NEW TRIAL—SUPPORT OF JUDGMENT BY FINDINGS.—Upon appeal from an order denying a motion for a new trial, the appellate court is limited in its review of the action of the trial court to the grounds upon which such a motion may be based,

and questions relating to the sufficiency of the findings to support the judgment cannot be considered.

ID.—DEED FROM BROTHER TO SISTER—GIFT—ACTION FOR RECONVEYANCE—INTENT OF GRANTOR—FINDINGS—EVIDENCE.—In an action to obtain a reconveyance of land deeded by a brother to his sister without consideration, the question whether his deed to her was an absolute conveyance by way of gift is one of fact for the trial court, and its finding negativing such intent will not be disturbed on appeal where there is substantial evidence in its support. All questions as to the preponderance and conflict of evidence are for the trial court. In the present case, the evidence is held sufficient to sustain the findings showing the plaintiff to be entitled to a reconveyance of the entire property deeded by him to his sister.

ID.—IMMATERIAL FINDING UNSUPPORTED BY EVIDENCE.—A new trial will not be granted because of the insufficiency of the evidence to sustain a finding that is immaterial and that could not have affected the judgment.

ID.—EVIDENCE OF GRANTOR AS TO CIRCUMSTANCES ACCOMPANYING EXECUTION OF DEED.—In such action, it is competent for the plaintiff to testify that in making the deed of gift to his sister he relied upon her promise to reconvey the property to him, and that he had no legal advice regarding its execution, except the advice given him by his sister's attorney.

ID.—HOSTILITY OF WITNESS—STATEMENTS OF WITNESS—PROPER FOUNDATION MUST BE LAID.—As a foundation to the introduction of evidence of declarations showing hostility or ill-feeling on the part of a witness, he must be first asked as to the making of such statements.

ID.—OBJECTION TO EVIDENCE NOT RAISED AT TRIAL—APPEAL.—Where an objection to testimony on the ground that it is immaterial, irrelevant, and incompetent for a specified reason is properly overruled, another ground of objection to its admissibility, which was not raised in the trial court, cannot be urged on appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

James M. Hanley, and George E. Lawrence, for Appellants.

H. H. McCloskey, W. S. Barnes, and A. E. Bolton, for Respondent.

ANGELLOTTI, J.—This action is one in equity to obtain a reconveyance of certain real property conveyed by plaintiff

to Ellen T. Fagan, now defendant Ellen T. Lentz. Plaintiff
had judgment and defendants appeal from an order denying
their motion for a new trial.

The real property in suit consists of undivided interests in
two lots of land in the city and county of San Francisco, one
being a lot on Jones Street of considerable value, and the other
being a lot on Sanchez Street. On July 18, 1905, the Jones
Street lot was owned by plaintiff, Ellen T. Fagan, and Mary J.
Fagan, sisters of plaintiff, and one R. S. Browne, each owning
an undivided one fourth, and the Sanchez Street lot was
owned by plaintiff, Ellen T. Fagan, Mary J. Fagan, and Mar-
garet A. Williams, all sisters of plaintiff, each owning an
undivided one fourth. On the last-named day, said Mary J.
Fagan died intestate, leaving as sole heirs at law the plaintiff,
Ellen T. Fagan, and Margaret A. Williams, by reason of which
plaintiff succeeded to an additional undivided one twelfth in
each of said lots, making his undivided interest in each lot
one third. At the request of plaintiff and her surviving sister,
Ellen T. Fagan was appointed administratrix of the estate
of Mary J. Fagan, letters of administration issuing August
14, 1905. On July 29, 1905, Margaret A. Williams executed
to Ellen T. Fagan a deed, purporting on its face to be a deed
of gift, conveying all her right, title, and interest in the two
lots, and all her right, title, and interest in and to the estate
of said Mary J. Fagan and her distributive share thereunder.
On August 24, 1905, plaintiff executed a similar deed to Ellen
T. Fagan. No valuable consideration was given for either of
these deeds. On January 17, 1906, a decree of distribution
was duly made in the matter of the estate of Mary J. Fagan,
whereby, by reason of said deeds, all of the interest of Mary
J. Fagan in said lots was distributed to Ellen T. Fagan.
Subsequent to April 18, 1906, and prior to June 12, 1906,
Ellen T. Fagan and defendant Charles W. Lentz intermarried.
On June 12, 1906, said Ellen executed to her husband a
grant, bargain, and sale deed purporting to convey to him all
her interest in both lots. This deed expressed a consideration
of ten dollars, but the trial court found upon evidence that
is entirely satisfactory that the transfer was made and accepted
wholly without consideration and not in good faith and for
the purpose of preventing plaintiff from recovering any part
of said property. R. S. Browne, who was one of the co-owners

of the Jones Street lot and who claimed a specific portion
thereof by reason of a certain deed made by Ellen T. Fagan
after the conveyance to her by plaintiff, was a party defend-
ant in this action, but the rights of his grantee have been
secured by an agreement entered into by the parties to this
action, and he has not appealed from the judgment or order
denying a new trial. This action was commenced July 6, 1906.

The facts upon which plaintiff bases his action, as shown
by the allegations of his complaint, are substantially as fol-
lows: About the time of the death of his sister Mary, and for
a long time thereafter, including the date of the execution of
the deed of gift by him to defendant Ellen, plaintiff, a man
of 52 years of age, was sick, being confined to the house, and
for a great portion of the time to his bed, and was weak both
physically and mentally. This condition continued until about
April 18, 1906. He at all times relied implicitly upon and had
full faith and confidence in his sister Ellen, a woman of the
age of about forty-four years. So relying and because of his
supposed inability to act efficiently by reason of his sickness,
he consented that she should act as administratrix of the
estate of Mary, and waived his right to act in that capacity.
Ellen had the two deeds of gift to herself, one from plaintiff
and one from Margaret, prepared, and brought the deed from
plaintiff to him for execution, soliciting him to execute the
same for the expressed reason that it would simplify the
settlement of the estate of Mary, hasten such settlement and
lessen the expense in such settlement, and promising that
when such settlement was had plaintiff would get back his in-
terest in said property, meaning thereby that she would then
convey his share in the property to him. It was substantially
alleged that it was then the secret design of Ellen to hold this
property and not to reconvey to plaintiff, but the trial court
found against these allegations and to the effect that it was
then her intention to reconvey to the plaintiff his interest im-
mediately upon the settlement of Mary's estate, but that some
time after the execution of the deed she abandoned such inten-
tion and refused to reconvey. At this time plaintiff had no
property other than his interest in these lots, and he has not
acquired any property since then. Plaintiff believed the
statements made by Ellen to be true and relied upon the
same, and so believing and relying signed and delivered the

deed of gift, conveying to her "every dollar's worth of property that he possessed." On June 12, 1906, as has been said, Ellen conveyed the property to her husband, and both she and her husband repudiated plaintiff's claim as to the understanding upon which the property was conveyed to Ellen, their claim being, as set forth in their answer, that the deed of gift was executed and delivered by plaintiff as his free act and deed and while he was in full possession of his mental faculties, and by reason of the further fact that the property was so much involved in debt and so tangled with litigation that plaintiff desired Ellen to take the property and dispose of it for her own use and better maintenance and support.

The findings of the trial court were in accord with the allegations of the complaint except in the one respect already noted, viz.: as to the intention of defendant Ellen at the time of the making of the deed of gift.

The theory of counsel for plaintiff is that notwithstanding the absence of any fraudulent intention on the part of Ellen at the time of the making and acceptance of such deed, the findings establish that the relations of the parties to each other at that time was confidential in fact, that the confidence which plaintiff had in his sister was the inducement which led him to execute the deed to her, and that the betrayal of that confidence—the violation of the promise to reconvey—was a constructive fraud, giving rise to a constructive trust, and entitling the plaintiff to the relief awarded by the judgment, under the rule declared in *Brison* v. *Brison*, 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689], and 90 Cal. 323, [27 Pac. 186], and subsequent decisions following that case. We are not here concerned with any question of the correctness of that theory as applied to the facts shown by the findings for the reason that there is no appeal from the judgment, but only an appeal from the order denying a motion for a new trial. It is unnecessary to cite authorities in support of the well-settled rule that upon an appeal from an order denying a motion for a new trial, "the appellate court is limited in its review of the action of the trial court to the grounds upon which such a motion may be based (Code Civ. Proc., sec. 657)," and that questions relating to the sufficiency of the findings to support the judgment cannot be considered. (See *Great Western Gold Co.* v. *Chambers*, 153 Cal. 307, 310, [95

Pac. 151].) We have stated the facts alleged and found solely
with a view to a better understanding of the merits of various
contentions of defendants in regard to the question as to the
sufficiency of the evidence to sustain certain findings and the
correctness of certain rulings in the matter of the admission
and exclusion of evidence.

Upon the question of the insufficiency of the evidence to
sustain certain findings, learned counsel for defendants lay
much stress on the well-settled rule that in cases of this char-
acter the presumption of absolute conveyance should prevail
unless the evidence to the contrary is entirely clear and con-
vincing. As to this, the well-settled rule was stated in *Wad-
leigh* v. *Phelps,* 149 Cal. 627, 637, [87 Pac. 93, 98], as follows:
"This, however, does not mean that the evidence in the record
on appeal must be entirely plain and convincing to an appel-
late court. This question of fact, like other questions of fact,
is one for the trial court, and while, as said in *Sheehan* v. *Sul-
livan,* 126 Cal. 189, 193, [58 Pac. 543], the appellate court
will consider the question as to the sufficiency of the evidence
in the light of that rule, it will not disturb the finding of the
trial court to the effect that the deed is a mortgage, where
there is substantial evidence warranting a clear and satisfac-
tory conviction to that effect. All questions as to preponder-
ance and conflict of evidence are for the trial court." (See,
also, *Brison* v. *Brison,* 90 Cal. 323, 334, [27 Pac. 186];
*Mahoney* v. *Bostwick,* 96 Cal. 53, [31 Am. St. Rep. 175, 30
Pac. 1020]; *Sherman* v. *Sandell,* 106 Cal. 373, 375, [39 Pac.
797]; *Couts* v. *Winston,* 153 Cal. 686, 689, [96 Pac. 357].)
As was said in the last case cited: "If, therefore, the evidence
offered by plaintiffs, taken by itself, was sufficiently clear,
satisfactory and convincing to satisfy the trial court . . . the
finding made thereon cannot be overthrown merely because
numerous witnesses, whose character is not impeached, gave
positive evidence to the contrary effect. . . . All questions as
to preponderance and conflict of evidence are for the trial
court."

An examination of the record has satisfied us that there was
substantial evidence warranting a clear and satisfactory con-
viction on the part of the trial court as to all the material
matters embraced in such findings as are attacked on this
appeal.

The claim that admitting the truth of the evidence of plaintiff as to the facts surrounding the execution of the deed of gift, such evidence makes out at most an understanding for the reconveyance only of such interest in the lots as plaintiff succeeded to as heir of Mary J. Fagan, and not for the interest owned by him prior to the death of Mary, is without merit. There is nothing in the evidence warranting any inference of different understandings as to the different interests. Whatever promise was made by Ellen related to the whole of the property that she was acquiring by the deed. Defendant Ellen did not in terms say that she would reconvey the property to plaintiff after the estate was settled, but she did say, according to plaintiff's evidence, what was equivalent thereto, and the trial court was fully warranted in finding, as it did, that by the words used by her "she purposely intended to convey to plaintiff and did convey to him the idea and that the same was a promise on her part that immediately upon the settlement of said estate she would reconvey to him all the interest and title he conveyed to her by said deed of August 24th, 1905." The evidence of plaintiff, if satisfactory to the trial court, was entirely sufficient under the circumstances of the case to warrant the findings as to the reasons for the execution by plaintiff of his deed by him to Ellen, and the manner in which and the promise upon which she obtained such execution. There was nothing improbable or absurd in the story told by him as to the reasons expressed by Ellen and accepted by him why such a conveyance was desirable. The interest of Mary J. Fagan was an undivided interest in lots in which plaintiff and his surviving sisters already held undivided interests, a stranger threatening partition proceedings held another undivided interest and the more valuable lot was somewhat heavily encumbered by mortgage and tax liens. It is not difficult to believe that all of the Fagan heirs may have understood, especially when so advised by an attorney, that the settlement of these matters might be simplified by placing their title in the name of one of them. The evidence of plaintiff is corroborated by other evidence, and under all the circumstances of the case appears to us to be much more satisfactory than the theory advanced by defendants. It is difficult to conceive it to be true, as claimed by them, that this plaintiff, circumstanced as he was, had any intention of

giving absolutely to Ellen, who had property of her own and stood in no need of assistance, this valuable property constituting all that he had in the world.

We are of the opinion that the evidence was sufficient to warrant the inference by the trial court that plaintiff was "weak mentally" on the twenty-fourth day of August, 1905, the day of the execution of the deed. He had then been confined to the house by sickness for a considerable time, was apparently very nervous and somewhat discouraged, and showed by his conduct considerable indecision. The finding does not import insanity or idiocy, but simply a weakness of mental capacity rendering him the more likely to be influenced by the statements of those around him.

Assuming that there was no evidence to show that defendant Charles W. Lentz visited plaintiff prior to the execution of the deed of August 24, 1905, or was present at the time of its execution, we regard the finding in this particular as immaterial. A new trial will not be granted because of the insufficiency of the evidence to sustain a finding that is immaterial and that could not have affected the judgment. The same is true upon the question whether Ellen was present at the time of the interview between the attorney and plaintiff. The same is true as to the findings as to the exact value of the property conveyed. Admittedly it had a very substantial value of several thousand dollars. Exactly why plaintiff consented that Ellen should act as administratrix of the estate of Mary was also immaterial, it appearing by evidence sufficient to sustain the finding in that behalf that he did so relying implicitly upon her and believing that she could more expeditiously and efficiently handle the matter.

The finding as to the intention of Ellen at the time of the execution of the deed of August 24, 1905, to reconvey upon the settlement of the estate, and the finding as to the transfer by her to her husband and the reasons therefor are sufficiently sustained by evidence.

What we have said practically disposes of all objections made to the findings on the ground of insufficiency of evidence.

It was, of course, entirely proper to allow the plaintiff to testify that in making the deed of gift he relied upon "Ellen's promise that when the estate was settled he would get his

share back." It was essential to his case that he had made the deed relying on and having confidence in his sister's promises, and his statement to that effect was competent evidence, the weight of which was a question for the trial court in the light of all the other circumstances.

There was no error in allowing the plaintiff to testify that he had no legal advice regarding the execution of the deed of gift prior to its execution, except the advice given him by Ellen's attorney.

The objection to the question asked Ellen on cross-examination, as to what her sister Mrs. Williams told her with reference to her reasons for transferring her interest in the property was properly overruled. It was proper cross-examination concerning a matter fully gone into by her on her direct examination.

Mrs. Minnie Tucker was a witness for plaintiff, but was not questioned and did not give any testimony as to her feelings toward either of the defendants, or as to the making of any statement tending to show hostility or bias. On the direct examination of defendant Charles W. Lentz, he was asked whether Mrs. Tucker did not, after some difficulty between her husband and himself, shake her hand and fist at him and say "I will give you all the court you want, before I get through with you." An objection to this question was sustained. It is settled in this state that the same foundation as must be laid for introducing prior contradictory statements of a witness is equally necessary to the introduction of evidence of declarations showing hostility or ill-feeling on the part of the witness, in other words, that before such evidence of hostile statements by the witness can be introduced the witness so sought to be attacked must be asked as to the making of such statements. (*Baker* v. *Joseph,* 16 Cal. 173, 177; *Silvey* v. *Hodgdon,* 48 Cal. 185. See, also, note to *Allen* v. *State,* 73 Am. Dec. 775; 2 Wigmore on Evidence, sec. 953.) The ruling of the trial court sustaining the objection to the question asked Mr. Lentz relative to Mrs. Tucker was in accord with this rule.

It is urged that the court erred in sustaining an objection to a question asked Mr. Lentz as to whether Mr. Tucker, the husband of Minnie Tucker, who was not a witness, had some trouble with him. This question was answered in the affirmative by Lentz before any objection was interposed, and while,

CLVI Cal.—44

in response to the objection, the court said the question was improper, the objection was not formerly sustained and the answer was not stricken out. If we assume that this amounted to an exclusion of the evidence and that the court committed error in excluding it, we think nevertheless that it was of such slight importance that it should not be held to have prejudicially affected defendants' cause.

On her cross-examination Mrs. Lentz was asked whether on February 23, 1907, or about that time (which was subsequent to her conveyance of the property to her husband), she was not questioned as follows, referring to the reconveying of the property to plaintiff: "Would you have done it if he had asked you and offered to pay his proportion of the debts and expenses," and answered "I might if he paid his proportion. *Of course,* if he paid his proportion, I would." The question was objected to on the ground that it was "incompetent, irrelevant and immaterial, *in this,* that the issue . . . is whether . . . the plaintiff . . . did or did not on the 24th day of August, deed the property in question, not what she may now say, or what she might have done provided any conditions existed; it is what she would legally be compelled by law to do; and upon the further ground that it is not cross-examination, and the proper foundation has not been laid." The court overruled the objection upon the expressed theory that the presence of the words "of course" might be taken as a recognition by the witness "that there was some other thing that would make it proper for her" to make the reconveyance, and that the statement was therefore proper evidence tending to show an admission by her in favor of plaintiffs' claim. The witness thereupon answered that she made the statement attributed to her. We are of the opinion that the views of the court as to the precise objection made were correct, and that the objection was untenable. It is claimed on this appeal that the testimony as to this statement was objectionable for the reason that "it is well settled that the declaration of a grantor made after the execution of his conveyance cannot be received to disparage his deed." No such objection was made or intimated in the trial court. Counsel for defendants say that where evidence objected to is absolutely irrelevant and incompetent for any purpose and the objection to it cannot be removed, a general objection of incompetency and irrelevancy is suffi-

cient, but there was no such general objection. Although, the objection used the words "incompetent, irrelevant and immaterial," those words were carefully limited to the precise objection already discussed, which was substantially that the question was speculative and called simply for the present opinion of the witness as to "what she might have done" under certain circumstances. No objection, general or special, embracing the contention now presented having been made in the trial court, the point cannot be made on this appeal. It is therefore unnecessary for us to consider whether the rule invoked by defendants as to declarations of a grantor after conveyance is available in favor of a grantee occupying the position of defendant Charles W. Lentz, who is found to have received his deed without consideration and not in good faith and for the purpose of preventing plaintiff from recovering any part of his property.

There is no other matter requiring notice.

The order denying a new trial is affirmed.

Shaw, J., Melvin, J., Lorigan, J., Sloss, J., and Henshaw, J., concurred.