[S. F. No. 13917. In Bank.—July 30, 1932.]

JOHN HOLZER, Respondent, v. E. C. READ et al., Defendants; JOHN MacKENZIE et al., Appellants.

Frank Thunen for Appellants.

Hubert C. Wyckoff, Jr., Wyckoff, Gardner & Parker and George M. Naus for Respondent.

TYLER, J, *pro tem.*—Action to quiet title to certain lands situated in the county of Santa Cruz. The land

described in the complaint consists of about fifty acres. Some seventeen persons were made defendants, all of whom defaulted except John F. MacKenzie, Maria MacKenzie, Peter Colly and Mary Ann Colly. These defendants denied title in plaintiff to a certain portion of the lands, and by way of cross-complaint alleged title to such portions in themselves by adverse possession. The trial court found all the allegations of the complaint to be true and all of the allegations of the cross-complaint of defendants to be untrue. Judgment was rendered in favor of plaintiff and against defendants, who have appealed from the judgment.

The MacKenzies claimed an irregular-shaped parcel containing approximately one acre of land, which overlaps the fifty-acre tract claimed by plaintiff. The Collys' claim involves the westerly line of plaintiff's tract and a portion of the southerly line forming common boundaries between their respective lands. The main controversy is based upon the location of the proper boundary line of what is known as Rancho San Augustin. Plaintiff, in support of his claim of title, introduced testimony by three surveyors to establish the true boundary line. These witnesses located the original monuments and made surveys and, with the aid of government notes, established a retracement of the original survey which fully supported plaintiff's claim to all of the lands. In further support thereof, plaintiff then established a connected chain of title as to the entire tract described in the complaint, beginning with a patent from the federal government dated May 20, 1870, and extending down by regular muniments of title to one Clementina M. Howe in the year 1885. Appellants concede that down to this point respondent's chain of title is regular. A deed was then introduced in evidence dated December 4, 1885, running from Clementina M. Howe, James H. Howe and J. J. Johnson to Joseph Orr, but this deed does not embrace the lands in dispute. Another deed dated the twenty-ninth day of July, 1886, executed by Clementina M. Howe to John Kiley was in evidence. This last deed embraces the lands in question. There was then introduced a deed executed by John Kiley dated the thirteenth day of September, 1886, to Helena Jane Orr.

Plaintiff herein claims title under a warranty deed dated May 3, 1916. This document was in evidence and it

includes the land described in the complaint. It is signed by Mrs. E. C. Read, A. F. Orr and G. J. Orr, and recites that the property described therein was duly awarded the grantors under a decree of distribution on the twenty-fifth day of April, 1916, in the matter of the estate of Joseph Orr, deceased. At the time of the trial, the then attorney for appellants conceded that plaintiff had established a *prima facie* case under this deed. It is now claimed, for the first time on appeal, that respondent's paper chain of title lacked one link, as nowhere in the record does it appear that any conveyance or transfer of title was ever made from Helena Jane Orr to Joseph Orr, for which reason, irrespective of the true location of the disputed boundary line, respondent failed utterly to prove his title. Had counsel for appellants not made the concession he did, respondent might have been able to supply evidence to complete his paper title. ■ Aside from the right of appellants to raise this question for the first time on appeal, the record does not support their contention of lack of proof of title in respondent.

Plaintiff did not rely alone on a connected paper chain of title, he having alleged that by himself and his predecessors in interest he became and was for twenty years prior to the commencement of the action the owner of the lands in dispute and in the possession thereof. During the course of the trial, a neighbor who had lived on adjacent land for a period of twenty-four years volunteered the statement during the course of his examination, without objection, that the property in question had belonged to Joseph Orr during his lifetime. While this evidence might have been stricken out and plaintiff thereby put to better proof, it was relevant to the issue of ownership and tended to prove such issue.

■ The general rules as to the weight and sufficiency of the evidence in all forms and characters of actions are applicable in determining the sufficiency of the evidence in proceedings to quiet title. Where a witness goes beyond the scope of the questions and makes an answer not responsive thereto, if it furnishes relevant facts they are none the less admissible merely because they are not specifically asked for. (2 Wigmore on Evidence, 2d ed., sec. 785.) If the answer is in itself proper evidence, the party who is examining the witness has the right to take and retain it if he chooses to do

so. (*Hirshfeld* v. *Dana,* 193 Cal. 143, 148 [223 Pac. 451], and cases cited.) ▮ While opposing counsel may move to strike it out if for any reason it is improper to be admitted, so long as it stands it is competent evidence to be considered. Where, as here, the insufficiency of the evidence is the question to be determined, full weight must be given to evidence which would have been excluded had objection been made, and even to evidence erroneously admitted against objection provided it be relevant. Evidence may tend to prove the issues and yet be incompetent. (Hayne on New Trial and Appeal, sec. 98.)

In *Gocde* v. *Smith,* 13 Cal. 81, one of the questions involved was as to the ownership of land. A witness had been permitted to testify upon the subject. In discussing this evidence, the court held that while it was not the best mode of proving the fact, nevertheless no objection having been taken to its admissibility, it was proper for the purpose.

(See, also, *Janson* v. *Brooks,* 29 Cal. 214; *Wright* v. *Roseberry,* 81 Cal. 87, 91 [22 Pac. 336].)

We are of the opinion, therefore, that plaintiff, notwithstanding the break in his paper chain of record title, sufficiently proved his title by tracing back a chain descending in Joseph Orr and thence from his estate. ▮ We are of the further opinion that plaintiff's title as proved was in no manner affected or impaired by appellant's claim of title by adverse possession. This controversy arose over a mistaken boundary line wrongfully established by a surveyor employed by defendants. No one is here disputing plaintiff's title to the major portion of his lands. By the great weight of authority, where the occupation of land is by a mere mistake, and with no intention on the part of the occupant to claim as his own, land which does not belong to him, but with the intention to claim only to the true line wherever it may be, the holding is not adverse. (2 Cor. Jur., p. 139, sec. 242.)

▮ The same may be said with reference to the payment of taxes. Here there was no established boundary line by the parties, and each paid his taxes upon lands described in his deeds. Under such circumstances the question of the payment of taxes is not an element in the case. (1 Cal. Jur., p. 568, sec. 50; *Reynolds* v. *Willard,* 80 Cal. 605 [22 Pac. 262];

*McDonald* v. *Drew,* 97 Cal. 266 [32 Pac. 173]; *Wilder* v. *Nicolaus,* 50 Cal. App. 776 [195 Pac. 1068].)

█ The further contention that appellant MacKenzie is entitled to the land he claims by virtue of an estoppel *in pais* is also without merit. In this connection it appears from the record that MacKenzie constructed valuable improvements on the portion of the lands claimed by him and that such improvements were made in good faith. Upon this subject there was evidence to show that plaintiff aided MacKenzie in the construction of the improvements and was paid for his services. But the evidence also shows that plaintiff was misled concerning the true boundary line through the mistake of defendant's surveyor, and he performed his services through an honest mistake concerning the true line. There must be some degree of turpitude in the conduct of a party before a court of equity will estop him from the assertion of his title. Here there was none and the invoked doctrine does not apply. (*Biddle Boggs* v. *Merced Min. Co.,* 14 Cal. 279, 368; *Stockman* v. *Riverside L. & I. Co.,* 64 Cal. 57 [28 Pac. 116].) █ Moreover defendants failed to plead an estoppel. The rule is well established in this state that an estoppel to be available must be specially pleaded. (*Promis* v. *Duke,* 208 Cal. 420, 426 [281 Pac. 613].)

The judgment is affirmed.

Waste, C. J., Preston, J., Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.