[Civ. No. 9170. First Appellate District, Division Two.—February 27, 1934.]

SAN FRANCISCO STEVEDORING COMPANY (a Corporation) et al., Respondents, v. ASSOCIATED INDUSTRIES INSURANCE CORPORATION (a Corporation), Appellant.

Daniel W. Burbank, C. F. Laumeister and Sidney L. Weinstock for Appellant.

Lillick, Olson & Graham, Ira S. Lillick, Joseph J. Geary and Gilbert C. Wheat for Respondents.

NOURSE, P. J.—The plaintiffs sued on two policies of insurance, alleging that the sum of $12,500 had been paid by them to the widow of an employee of the stevedoring company who was killed during the course of his employment and that the sum of $2,000 had been paid as attorneys'

fees in the settlement of that claim. Trial was had with a jury, resulting in a joint verdict and judgment for the plaintiffs for $14,500 and interest. From this judgment the defendant has appealed upon typewritten transcripts.

The death of the employee occurred on November 19, 1926. Settlement of the claim was made March 7, 1929. On May 20, 1929, plaintiffs filed a complaint framed in two causes of action, one based upon a policy covering employers' liability as amended and modified by an oral agreement, the other based upon a policy of public liability as amended and modified by the same agreement. A demurrer to this complaint was sustained and an amended complaint was filed alleging that the defendant had issued ''a certain written agreement of insurance'' under which it gave plaintiffs jointly both employers' and public liability coverage and that said written agreement was extended to cover the plaintiffs jointly and severally from any and all injury or death resulting to any person during stevedoring operations on the steamer ''Point Judith'', and that said extension was by means of an executed oral agreement. A demurrer to this amended complaint having been overruled and the defendant having answered, the cause was tried upon the plaintiffs' theory that two separate written contracts of insurance were modified and extended by one executed oral contract of insurance running to both plaintiffs jointly and covering all operations performed by each. During the course of the trial the plaintiffs, being unable to prove that this oral contract was executed, abandoned this theory and proceeded upon a new theory of a single oral contract of insurance covering all these operations. Motions for nonsuit as to each plaintiff having been denied the defendant moved that the court require the plaintiffs to so amend their complaint that their pleading would conform to the proofs in respect to the oral contract upon which they relied. This motion was denied and this is assigned as error by the defendant for the reason that if such amendment had been made the defendant would have been in a position to plead the statute of limitations as to such oral contract.

The parties have assigned numerous questions as those involved in this appeal and in this respect they are not in agreement. We do not deem it necessary to state the questions thus assigned because the appeal should be determined

on the single issue whether a party suing upon a written contract alleged to have been modified by an executed oral contract can recover upon proof alone of an unexecuted oral contract which, if pleaded, might have been barred by the statute of limitations.

The facts as to this issue are not in material dispute. The respondent Swayne & Hoyt, Inc., is a corporation engaged in the business of owning and operating freight vessels. The respondent San Francisco Stevedoring Company is a corporation engaged in the business of stevedoring vessels at the port of San Francisco alone. The two companies occupy the same offices and employ a joint manager. Swayne & Hoyt is also engaged in the business of stevedoring vessels at the port of Los Angeles, where it conducts its business under the name of "Commercial Stevedoring Company". In January, 1926, the appellant issued two policies of indemnity insurance covering stevedoring operations to Swayne & Hoyt, the San Francisco Stevedoring Company and to Swayne & Hoyt doing business as Commercial Stevedoring Company. The policies were to run until February 1, 1927. One was an employers' liability policy indemnifying the insured against loss by reason of injury or death sustained by its employees. The other was a public liability policy indemnifying the ship owners against loss by reason of injuries or death sustained by persons not in their employments. Both policies had attached to them written indorsements expressly excluding from coverage the vessel "Point Judith". For some time prior thereto the respondent Swayne & Hoyt as ship owners held a public liability policy in another association covering the "Point Judith". On October 21, 1926, this policy was renewed but with a provision excluding from coverage claims arising from stevedoring operations. On November 19, 1926, while the stevedoring company was engaged in stevedoring the "Point Judith" in the port of San Francisco under contract with Swayne & Hoyt, an employee of the stevedoring company, while engaged in stevedoring work on the vessel, sustained injuries from which he died. The stevedoring company reported the death to appellant and a conference was then had between a representative of the appellant and the operating manager of the respondents at which time the attention of the latter was directed to the rider in the policies

expressly excluding operations on the "Point Judith". As a result of this conference the appellant agreed with the representative of the respondents that it would accept and endeavor to adjust (without admitting liability) the claim as to the stevedoring company, but that it would assume no responsibility under the public liability policy on the part of the ship owners. This offer was accepted by the respondents and the claim arising out of the death in so far as it related to the liability of Swayne & Hoyt as ship owners was placed in the hands of the other insurance carrier under its policy of October 21, 1926. Thereafter a suit was commenced by the widow of the deceased employee against both Swayne & Hoyt and the stevedoring company wherein it was alleged that the death occurred through the negligence of the ship owner in that the handholds on the hatch cover upon the ship were unsafe and insufficient and that by reason thereof the deceased, while putting a hatch cover in place, and also by reason of the carelessness and negligence of a fellow stevedore, was pulled forward into the hatch and fatally injured. When summons and complaint were served upon the two respondents; counsel for the appellant was directed to appear and defend on behalf of the stevedoring company, and other counsel, representing the other insurance concern, was directed to appear and defend on behalf of Swayne & Hoyt. Separate appearances and separate answers were duly made in accordance with this agreement. Thereafter the operating manager of the respondents notified appellant that Swayne & Hoyt would seek to hold appellant for the loss sustained under its public liability policy. Such a demand was made in writing on May 4, 1928, wherein the respondent Swayne & Hoyt claimed coverage under the *written* contract of public liability insurance. Denying its liability under this policy, the appellant notified the respondents that unless they complied with the terms of the agreement heretofore mentioned, the appellant would withdraw from the defense of the action in so far as the stevedoring company was concerned. As the parties could not agree, other counsel was employed by both respondents and a compromise was effected with the widow of the deceased employee on March 7, 1929. As the result of this arrangement $12,500 was paid by the stevedoring company, but at the time of the trial no segregation of this amount

was made as to each respondent's liability and no portion of the amount had been paid by Swayne & Hoyt.

Upon these facts the appellant urges that, the sum paid the widow being far in excess of the sum commonly awarded on account of death of an employee under the workmen's compensation statutes, it is fair to assume that a considerable portion of that sum was paid on account of the widow's claim of the ship owners' negligence; that if this be so then some of the loss sustained by the respondents was within the contemplation of the public liability policy issued to the ship owners while another portion of the loss was within the contemplation of the employers' liability policy; that, if these assumptions are not sound, Swayne & Hoyt had no cause of action because of the admission that it was not engaged in stevedoring the "Point Judith" and that the deceased was not in its employ; that, if these assumptions are sound, the appellant was entitled to defend on the basis of the liability claimed under each policy of insurance and was prejudiced by the joinder of the respondents in one cause of action as though but one policy of insurance was involved.

In the entire record there is no evidence of a contract, either written or oral, whereby the appellant was obligated to the ship owners under the public liability policy. The undisputed evidence is that by express writing this liability was excluded on the "Point Judith". There is some conflict in the evidence as to the oral contract covering the policy of employers' liability which we will hereafter refer to. But with no conflict in the evidence as to the appellant's nonliability to the ship owners and with the express admission that no part of the compromise or of the counsel fees was paid by Swayne & Hoyt and hence no evidence of loss by that corporation, it is further evident that the appellant was seriously prejudiced by the joinder of Swayne & Hoyt as a party plaintiff under allegations of a joint and several coverage and a joint and several loss. Though numerous errors are assigned for a reversal of the judgment, we prefer to place our reasons for reversal upon the single ground that under our statutes a written contract cannot be modified by an oral agreement unless such oral agreement is executed; that when a party sues on a written agreement as modified by an executed oral agreement and upon his own case proves that the oral agreement was unexecuted he

should not be permitted to recover upon proof of the oral agreement as a new contract where defendant is denied the right to plead to such contract.

To understand the question involved it is necessary to repeat that respondents sued on allegations of a single written policy of insurance extended by an executed oral agreement. They proved two separate written policies each carrying distinct coverage and each expressly excluding in writing coverage of the "Point Judith" upon which the claim of loss arose. They offered evidence of one oral agreement that at a future date the "Point Judith" would be covered for stevedoring operations. This is plainly a modification and not an extension of the written policies because it definitely alters the express writing excluding such coverage. As such it was a good modification only if executed. (Sec. 1698, Civ. Code.) Respondents concededly failed to prove that this oral contract was executed. They then changed their theory and sought recovery on the basis of an unexecuted oral contract which was not pleaded. There is no possible foundation for the verdict and judgment except this unexecuted oral contract. We do not refer to the cases cited by respondents from other jurisdictions holding that a written contract of this kind can be modified or extended by an oral agreement. They are not applicable to this case because of the provisions of section 1698, Civil Code, requiring that such oral agreement be executed.

But respondents' evidence on this phase of the case tended to prove a contract *to insure* and not a contract of *insurance*. Thus respondents' manager testified on this subject: "As I recall it, he (appellant's agent) agreed to issue the additional coverage. . . . He agreed to cover the insurance risk on those two vessels on the date that we wanted it done. . . . Q. Was it your understanding that he was going to endorse the policy? A. I believe that was the procedure." In fact this witness knew that such was the procedure because he had been dealing with the appellant for several years and had accepted many policies of insurance and modifications of existing policies, all of which were indorsed by the executive officers in writing and, in all his dealings with this agent, the manager had not on any occasion accepted a policy or modification executed or indorsed by the agent.

From respondents' evidence of this oral contract the most that can be said for it is that respondents assumed from some conversations had with an agent of appellant that they would have the risk on the "Point Judith" covered after October 21, 1926. The undisputed evidence is that this claim of an oral contract was not brought to the knowledge of appellant until several months after the fatal accident; that no premium was paid or agreed to be paid for coverage of the public liability of the ship owners; that no premium was paid or agreed to be paid by Swayne & Hoyt covering the "Point Judith" on either policy; and that the premium paid by the stevedoring company on the basis of its payrolls was not accepted by appellant with notice or knowledge that the payrolls or the premium included operations on the "Point Judith". The evidence fails to show actual or ostensible authority of the agent to make the contract, or ratification or estoppel on the part of the principal.

But, disregarding all these considerations, respondents recovered judgment upon proof of an unexecuted oral contract which was not pleaded whereas appellant was required to defend a pleading of a written contract modified by an executed oral agreement. It is a fundamental principle that "a plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed by the proofs". (*Mondran* v. *Goux,* 51 Cal. 151, 153; *Schirmer* v. *Drexler,* 134 Cal. 134, 139 [66 Pac. 180]; *Nichols* v. *Randall,* 136 Cal. 426, 431 [69 Pac. 26]; *Cordes* v. *Paulson,* 78 Cal. App. 90, 99 [248 Pac. 546]; *Feig* v. *Bank of Italy, etc.,* 218 Cal. 54 [21 Pac. (2d) 421].)

The prejudice to the appellant is apparent. If the written policy was modified and extended by an oral agreement as alleged in the complaint the action was on the writing and well within the period of limitations. If the action was on a separate oral contract, the appellant was denied the right to raise the defense of the statute of limitations in bar to the oral contract upon which recovery was had and it was thus deprived of a substantial right. (*Nichols* v. *Randall, supra,* p. 431.)

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 26, 1934.