[Civ. No. 9870.  First Appellate District, Division One.—August 22, 1936.]

THE MUTUAL BUILDING AND LOAN ASSOCIATION OF LONG BEACH (a Corporation), Respondent, v. AUGUSTA CORUM, Appellant.

George D. Collins, Jr., for Appellant.

Herbert C. Jones and Fitzgerald, Abbott & Beardsley for Respondent.

BRAY, J., *pro tem.*—This is an appeal by Augusta Corum, one of the defendants, from an order requiring her to satisfy of record a judgment for costs on appeal.

In this case, on March 1, 1934, the judgment was reversed by the Supreme Court and costs of appeal awarded the appellant Augusta Corum (220 Cal. 282 [30 Pac. (2d) 509].) Upon the return to the superior court of the *remittitur* and after proper proceedings and on June 6, 1934, the costs were taxed at the sum of $476.30. In another action, No. 119870 in the Superior Court, Alameda County, San Jose Pacific Building & Loan Association was at that time and continued to be a judgment creditor of appellant in the sum of $93,452.45, and on March 6, 1934, caused the sheriff of Alameda County to garnishee the respondent by serving a writ of execution on it. This writ on April 4, 1934, was returned wholly unsatisfied. This levy was made and returned between the judgment of the Supreme Court and the taxing of costs. On June 16, 1934, after the taxing of costs, the said San Jose Building & Loan Association caused the sheriff of Los Angeles County to garnishee the respond-

ent by serving upon it a new writ of execution issued June 11, 1934. Respondent thereupon and upon June 16, 1934, paid to said sheriff the sum of $476.30, the amount of appellant's judgment for costs herein, and received his receipt therefor. Thereafter the sheriff filed his return acknowledging receipt of the net amount thereof, partially satisfying the judgment. On June 25, 1934, and after the payment as aforesaid to the sheriff, appellant served upon respondent a notice claiming that appellant had on March 2, 1934, assigned her interest in the judgment for costs to one A. O. Mahoney. The garnishee, respondent herein, pursuant to section 675 of the Code of Civil Procedure, moved the superior court to satisfy appellant's judgment for costs by reason of the aforesaid payment to the sheriff. This motion was granted, and from the order granting the motion appellant appeals.

Appellant claims first, that there can be no valid or legally effective garnishment after assignment has been made by the owner of the debt, even though the debtor had no notice or knowledge of such assignment.

The lower court sustained an objection to the introduction in evidence of the portion of appellant's affidavit setting forth a purported copy of the alleged written assignment and then found, in effect, that there was no assignment. Appellant contends this was error. Appellant's affidavit stated that she "transferred and assigned by instrument in writing". The instrument, then, would be the best evidence. (Code Civ. Proc., sec. 1830; 10 Cal. Jur., p. 850, sec. 132.) There was no showing that the original could not be produced nor did appellant bring herself within the exceptions provided for in Code of Civil Procedure, section 1855. Even though the agreement were in the possession of a third party it would have to be produced. (*Alvord* v. *Spring Valley Gold Co.,* 106 Cal. 547 [40 Pac. 27].) *Ralph* v. *Anderson,* 187 Cal. 45 [200 Pac. 940], does not hold contrary to this rule. It refers to an oral assignment and not to a situation where there is a written assignment. The alleged assignment not having been proved, and the court holding there was no assignment, is practically determinative of the controversy.

However, even though there were an assignment, appellant cannot prevail. She claims that there can be no

valid or legally effective garnishment of a debt or claim previously assigned by the owner of the debt even though no notice of the assignment is given to the garnisheed debtor prior to the garnishment. Section 716 of the Code of Civil Procedure provides that ''after the issuing of an execution against property, and before its return, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt . . . *and the sheriff's receipt is a sufficient discharge for the amount so paid*''. (Italics ours.) Here before the return of the execution, and without knowledge of alleged assignment, respondent paid the sheriff. This constitutes a sufficient discharge for the amount so paid. In *Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8, 13 [124 Pac. 536, Ann. Cas. 1913E, 840], which was a proceeding to have satisfaction of judgment entered of record (the same character of proceeding as in the case at bar), the court held: ''Even if there had been a valid assignment, the judgment debtors would be protected if, without notice of assignment, they had paid the judgment to the assignor.'' While the case of *Brown* v. *Ayres,* 33 Cal. 525 [91 Am. Dec. 655], holds to the contrary, it has not been followed and has in effect been overruled by the Buckeye case, *supra,* and by *Hogan* v. *Black,* 66 Cal. 41 [4 Pac. 943]. Moreover, the Brown case is against the general rule. (32 A. L. R. 1021; 52 A. L. R. 120.) The case of *Walker* v. *Doak,* 210 Cal. 30 [290 Pac. 290], is not in point for the reason that in that case notice of assignment was given before the garnishment was levied.

It is contended that the first execution being returned unsatisfied, the second garnishment was of no validity, as the first one exhausted the remedy, and therefore any payment to the sheriff would not be under section 716 of the Code of Civil Procedure, but would be after the return of the execution, that is, the first execution. As a matter of fact the first execution was premature as at that time the costs had not been taxed, therefore it could not constitute a levy of execution upon the judgment for costs which was thereafter entered up. The second writ of execution was properly issued and properly served and constituted a valid garnishment, and a payment to the sheriff under it by the person garnished before its return comes squarely within the provisions of section 716 of the Code of Civil Procedure.

Finally it is contended that the court did not order satisfaction of the judgment as the alleged assignee was not a party to the proceeding. The finding of the court that there was no assignment settles this question. Moreover, it is doubtful if the assignor is in a position to raise this point. If at all, it could be raised only by the assignee. As said in *Hogan* v. *Black, supra,* at p. 42, "the assignee could not avail himself of the benefit of the same [assignment] against the defendants in the action, *without notifying them of the assignment, or without having himself substituted for the plaintiff in the action".* (Italics our.) However, the transfer of appellant's judgment does not make it necessary that the transferee should be made a party. The transferee could either be substituted or the transfer continue in her own name for the benefit of the transferee. (20 Cal. Jur. 544.)

The order is affirmed.

Tyler, P. J., and Cashin, J., concurred.