[S. F. No. 15308. In Bank.—October 16, 1936.]

THE SUPREME GRAND LODGE OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS (a Corporation), Respondent, v. GEORGE L. SMITH, Appellant.

Ivan G. McDaniel for Appellant.

Bohnett, Hill & Cottrell and Bohnett, Hill, Cottrell & Boccardi for Respondent.

512

WASTE, C. J.—Plaintiff, a nonprofit educational, scientific and fraternal organization, brought this action to restrain the defendant Smith, and others, former members of the order, from publishing malicious, libelous and slanderous statements and documents about the organization and concerning one H. Spencer Lewis, its chief officer, known as the imperator. The trial court, sitting without a jury, entered judgment for plaintiff as prayed for. Defendant Smith has appealed.

Respondent has made a motion for diminution of record. It desires that there be added to the bill of exceptions nearly one thousand letters introduced by it and marked as one exhibit (No. 19), but which were not printed in the record on appeal and, after extensive search, it alleges, cannot now be found. These letters were taken by the sheriff, under search warrant proceedings, from the premises of defendant Smith, and, respondent claims, tend to support the finding that defendants were engaged in a conspiracy to damage plaintiff in a nationwide scheme by circulating malicious statements concerning it. Respondent's own showing by affidavits seems sufficient to establish the loss and disappearance of the exhibits. It seems useless, therefore, to order something added to the record that does not exist. We are of the view, after examination, that enough is already in the record of eight hundred pages to support the material findings. For both these reasons, the motion for diminution of the record is denied.

The lower court found that the defendants, and others, associated themselves and effected a conspiracy "for the purpose of injuring plaintiff order, to diminish its revenues, and otherwise inflict loss and annoyance, all to the end and with the intent to coerce and induce the members of plaintiff order, and others who were likely to become members, to seek membership in the various and several societies and orders conducted by some of the conspirators, or in which they were interested". To effectuate their objects, and as part of the concerted plan, the court finds, the conspirators "uttered, published, and circularized false and defamatory and scurrilous statements concerning plaintiff order and its executive head, H. Spencer Lewis". The court further finds that the statements "were made and

published maliciously and with knowledge of [their] falsity . . . The court finds it impractical (the findings continue) to enumerate and pass upon . . . each and every statement so made and circulated by the conspirators . . . [but] finds that each and every such statement is wholly untrue."

The court does, however, as to the false statements published by the conspirators, "take cognizance of and find upon" some fifteen statements, specifically finding each as "not true". There is also a finding that "in addition to the utterances and circulation of said false statements, said conspirators did, in pursuance of their scheme and conspiracy, attempt to give further currency to said false statements under the assumed guise of privilege by incorporating said false statements in the Answer" of certain defendants filed in bad faith, and designated as "further and additional defense". These pleadings were stricken from the records. Before that was done, however, and for the purpose of giving further currency to said statements, and under the guise of privilege in the publication of the records of a cause pending in court, the court finds, the conspirators printed, published and circulated a booklet or pamphlet containing them.

These essential findings, having to do with whether or not the defendant Smith and others entered into a conspiracy to slander, defame and injure plaintiff order, support the judgment and dispose of the appeal. Enough evidence is found in the bill of exceptions to support the findings. ▇ The letters sought to be introduced by diminution of the record would, if their purport be that claimed by the respondent, have some bearing on the wide extent to which the defendants carried their efforts, but they would be merely cumulative, and are not necessary to support the findings on which the judgment rests. Respondent admits that a number of immaterial findings lack support in the record, but these relate to matters so immaterial to the issues established that, even had the findings thereon been in favor of the defendants, they would not affect the judgment as entered. (*American Nat. Bank* v. *Donnellan*, 170 Cal. 9, 15 [148 Pac. 188, Ann. Cas. 1917C, 744].) ▇ Appellant's failure to incorporate in the bill of exceptions the constitutions, statutes, and laws of the supreme grand lodge and of the grand lodge of the order, and the omission of

the nearly one thousand letters, no doubt tends to weaken the support of some of the findings, so far as the record on appeal goes. These exhibits were admitted without objection by the defendants. Therefore, the objection that the letters were not sufficiently identified to entitle them to admission in evidence is not now open to appellant. If the appellant deemed it unnecessary or unwise to include these exhibits in the record on appeal, and has thereby left the record weakened to some extent, he should not now be heard to complain of parts of the findings made by the trial court based thereon. We must assume that, in making the findings, the lower court deemed the evidence supplied by the missing exhibits sufficient to support the findings attacked.

■ Appellant contends that the amended and supplemental complaint was erroneously filed. The bill of exceptions answers the point. It recites that respondent having "prayed leave of the court to file a supplemental complaint, and to amend the pleadings to conform to the proof . . . the court granted leave to plaintiff as prayed for". The fact, if it be a fact, that the amended and supplemental pleading was not served on the appellant is immaterial. (21 Cal. Jur., p. 225, and cases there cited.) The amended and supplemental complaint merely included additional recitations of specific acts committed by defendants after the action was filed, but did not alter or add to the cause of action.

■ Appellant's allegation in his brief that the trial was conducted in a superficial manner, which was evidence of a fraudulent scheme between respondent and its counsel to gain judgment against defendant by trick and device finds no support in the record. Neither do we find support for appellant's statement that in the trial of this case "a fraud was worked on the court".

The judgment is affirmed.

Thompson, J., Seawell, J., Curtis, J., and Langdon, J., concurred.