[Civ. No. 3670.   Fourth Dist.   Aug. 21, 1947.]

DIVISION OF LABOR LAW ENFORCEMENT, DEPARTMENT OF INDUSTRIAL RELATIONS, Appellant, v. V. R. DENNIS, Respondent.

Pauline Nightingale and Edward M. Belasco for Appellant.

Wright, Thomas, Dorman & Fox for Respondent.

BARNARD, P. J.—This action was brought by the appellant, as assignee of certain former employees of the respondent, to recover the difference between the wages paid these employees and the amounts claimed to have been payable to them under the provisions of two collective bargaining agreements previously entered into between the respondent and various unions. It is alleged that these collective bargaining agreements were in writing; that by their terms the respondent agreed to pay certain wage rates to the employees covered therein, a copy of these wage rates being attached to the complaint; that these agreements were entered into for the benefit of respondent's employees and remained in full force and effect during all times in question; and that the appellant's assignors were employees of the respondent under the terms of these agreements. It is further alleged that each of appellant's assignors was verbally employed by the respondent pursuant to the terms of these collective bargaining agreements, and that each performed specified labor for the respondent in pursuance of said agreements. It further appears on the face of the complaint that all of the services here in question were performed for the respondent more than two years, but less than four years, prior to the filing of this action on March 23, 1946.

The respondent's demurrer to the complaint was sustained without leave to amend, on the ground that it appears on the

face of the complaint that all claims alleged are barred by the provisions of section 339 of the Code of Civil Procedure. A judgment was entered accordingly and this appeal followed.

The sole question presented is whether the two-year statute (Code Civ. Proc., § 339) or the four-year statute (Code Civ. Proc., § 337) is here applicable. The appellant contends that the action is based upon these collective bargaining agreements rather than upon the oral contracts of hiring; that these collective bargaining agreements were made expressly for the benefit of plaintiff's assignors and under section 1559 of the Civil Code may be enforced by or for these employees; that the action is thus based upon a contract, obligation or liability founded upon an instrument in writing, within the meaning of section 337 of the Code of Civil Procedure; and that the two-year statute does not apply. On the other hand, the respondent contends that an action against an employer by an individual employee, under a verbal contract of hiring, to enforce a written collective bargaining agreement is governed by the provisions of section 339, Code of Civil Procedure, and is barred within two years after the cause of action accrues.

While conceding the right of an employee to maintain a suit under these circumstances, the respondent contends that the collective bargaining agreement and the individual contract of hiring are separate and distinct contracts as held in *J. I. Case Co.* v. *National Labor Relations Board,* 321 U.S. 332 [64 S.Ct. 576, 88 L.Ed. 762]; *Rentschler* v. *Missouri Pacific R. Co.,* 126 Neb. 493 [253 N.W. 694, 95 A.L.R. 1]; and *Yazoo & Mississippi Valley R. Co.* v. *Webb,* 64 F.2d 902, and as recognized in *Levy* v. *Superior Court,* 15 Cal.2d 692 [104 P.2d 770, 129 A.L.R. 956]; that a collective bargaining agreement is incomplete in itself, furnishing no basis for a right of action to an individual employee; and that the employee's cause of action to recover such wages must, of necessity, arise out of his separate contract of employment, which in this case was verbal. It is further contended that this action could not be considered as one based upon a written agreement, since extrinsic evidence would be necessary to establish the causes of action of the appellant's assignors, citing such cases as *Novosk* v. *Reznick,* 323 Ill.App. 544 [56 N.E.2d 318]. In that case, which was somewhat similar to the one now before us, the court held that the contracts to pay certain wages which were sued upon were for the benefit of the plaintiffs and that, as third party beneficiaries, they were entitled to maintain an

action. However, it was further held that under the decisions in that state the contract could not be considered as one in writing if it was necessary to use parol evidence to sustain the action, and that since parol evidence must be resorted to, in order to show the existence of a contractual relationship between the employees and the employers, the action was barred by the shorter statute of limitations.

While the question here presented has not been directly decided in this state we feel impelled to the conclusion that under our statutes and decisions a different rule must be here applied with respect to both of the contentions urged by the respondent. While it was held in *Levy* v. *Superior Court*, 15 Cal.2d 692 [104 P.2d 770, 129 A.L.R. 956], that a collective bargaining agreement, covering the duties or obligations to be observed between the employer and the union, is distinct and separable from a contract of hiring, the fact that these are separate and distinct contracts is not necessarily controlling on the question here presented. The effect of section 1559 of the Civil Code, providing that a contract made expressly for the benefit of a third person may be enforced by him, must be considered. In actions brought under that section it frequently happens that two separate and distinct contracts are involved, but this has not prevented the action from being considered as one brought on the contract made for the benefit of the third party, although he also had another contract with one of the parties to the contract sued upon, and it has been held in a number of such cases that the four-year limitation applied.

In this state, the interests of third party beneficiaries of a contract between other parties are recognized, and the enforcement of those interests through actions upon the contract executed by the other parties is permitted. (*Sublett* v. *Henry's etc. Lunch*, 21 Cal.2d 273 [131 P.2d 369].) In *Sherwood & Sherwood* v. *Gill & Lutz*, 36 Cal.App. 707 [173 P. 171] it was held that it was not necessary that the parties to be benefited by the other contract be named therein; that it need only appear by the terms of the written contract that it was made for the benefit of such parties; that where a creditor sued upon such a contract made for his benefit, the cause of action arose directly out of the written agreement to pay the debt rather than out of the original debt; and that the four-year statute applied. In *Garratt* v. *Baker*, 5 Cal.2d 745 [56 P.2d 225], it was held that a party may enforce a contract where he

shows that he is a member of a class of persons for whose benefit the contract was made. In *Bogart* v. *George K. Porter Co.*, 193 Cal. 197 [22 P. 959, 31 A.L.R. 1045], it was held, in effect, that an action by a creditor to collect an obligation from a corporation which had in writing agreed with the debtor to pay this debt was one on the written contract and that the action outlawed four years after its accrual. In *Pitzer* v. *Wedel*, 73 C.A.2d 86 [165 P.2d 971], it was held that in such a case an action by a third party beneficiary is based upon the contract made for his benefit insofar as the statute of limitations is concerned. In *McCarthy* v. *Mt. Tecarte L. & W. Co.*, 111 Cal. 328 [43 P. 391], the test is thus given: "In order to be founded upon an instrument in writing, the instrument must, itself, contain a contract to do the thing for the nonperformance of which the action is brought." In the instant case, the written contract contained an agreement by the respondent to pay certain designated wages to anyone working for him in certain capacities, listing the exact wages to be paid to each such employee. The complaint alleged that appellant's assignors did certain work for the respondent in certain of these classifications as listed and in accordance with the contract, and that certain amounts thus became due under the contract. There was a definite promise to pay to anyone of a certain class, and all that was required was for the appellant's assignors to identify themselves as members of that class and show the amount of work done.

In *O'Brien* v. *King*, 174 Cal. 769 [164 P. 631], the court said: "The promise must be one arising directly from the writing itself, and included in its terms. But in determining whether the obligation is 'supported by an express promise or stipulation in the written instrument,' we must regard, as included in the terms of the writing, all obligations and promises which its words necessarily import." Under this rule and under section 1559 of the Civil Code it could hardly be held that this action was not based upon an obligation or liability founded upon an instrument in writing within the meaning of section 337, Code of Civil Procedure. Not only is such an employee a member of the class beneficially interested under such a collective bargaining contract but he seems to be given a direct statutory interest therein by section 222 of the Labor Code, which provides that it is unlawful to intentionally withhold from him any part of the wage provided for in such an agreement.

While the point was not directly involved or decided therein, the conclusion that the four-year statute is applicable under the circumstances of this case is inferentially supported by the decision in *Sublett* v. *Henry's etc. Lunch,* 21 Cal.2d 273 [131 P.2d 369].

Under our decisions and the rules here applied under similar circumstances, it cannot be held that the rule relied on in such cases as *Novosk* v. *Reznick,* 323 Ill.App. 544 [56 N.E.2d 318], to the effect that an action cannot be considered as one upon a written contract where parol testimony is necessary to show a contractual relationship between the plaintiff and one of the parties to the written contract, is applicable in this state. Under our rules an action where section 1559 of the Civil Code is applicable is or may be one upon an obligation or liability founded upon a written instrument, within the meaning of section 337, Code of Civil Procedure, even though parol evidence may be necessary to show that the party maintaining the action is within the class intended to be benefited by the other contract, and to show the extent of his interest.

Considering the nature of labor contracts, and the circumstances surrounding them, good reasons could well be advanced for providing a rather short period of limitation applicable to actions thereon, and for not permitting actions, based upon matters which were not within the contemplation of the parties during the time the work was in progress, to be filed long after the transactions have been completed. However, that is a matter for legislative rather than judicial action. While such contracts probably were not contemplated when section 1559 of the Civil Code was adopted, the meaning and scope of that section, under our decisions, seems broad enough to cover such actions as this.

For the reasons given the judgment is reversed, with directions to permit the respondent to answer within a reasonable time.

Griffin, J., concurred.