**MacKAY v. LOEW'S, Inc., et al.**

No. 12346.

United States Court of Appeals
Ninth Circuit.

May 1, 1950.

Zach Lamar Cobb, Los Angeles, Cal., for appellants.

O'Melveny & Myers, Homer I. Mitchell, W. B. Carmen, Los Angeles, Cal., for all appellees.

Loeb & Loeb, Los Angeles, Cal., for appellees Loews' Inc. et al.

Mitchell, Silberberg & Knupp, Los Angeles, Cal., for appellees Columbia Pict. and R.K.O.

Wright & Garrett, Los Angeles, Cal., for appellee Twentieth Century-Fox Film.

Freston & Files, Los Angeles, Cal., for appellee Warner Bros. Pictures, Inc.

Before ORR and POPE, Circuit Judges, and WEINBERGER, District Judge.

ORR, Circuit Judge.

Appellants, formerly employed as carpenters by appellees, brought separate actions in the United States District Court alleging the breach of certain collective bargaining contracts. Each complaint contains identical allegations. The cases have been consolidated on appeal for all purposes.

The original complaints for declaratory relief were dismissed because they disclosed upon their face that the contracts sued upon had theretofore expired by reason of provisions in said contracts contained. Thereafter amended complaints for damages were filed. The amended complaints were also dismissed on motion. From the judgments of dismissal these appeals were taken. The amended complaint alleged that appellants were members of Carpenters Studio Local No. 946 and were employed by appellees pursuant to certain collectively bargained contracts between the union and appellees. The contracts contained certain provisions for wage scales, working conditions and for a closed shop. Appellants were employed through the union hiring hall. It is further alleged that on September 23, 1946, appellees, in violation of the contracts, ordered appellants and all other members of the union then on the job to leave their work and the premises, and thereafter replaced the members of appellants' union with non-members. The non-members worked under an open shop and less favorable working conditions than those specified in the contracts in question here. Appellees have at all times since refused to permit members of appellants' union to work under the terms of the contracts and have refused to bargain collectively with the union. Diversity of citizenship is present, and the amount in controversy exceeds $3,000.

■■ The insufficiency of the amended complaints to state causes of action under any federal law, including § 301 of the Taft-Hartley Act, 29 U.S.C.A. § 185, and § 7 of the National Labor Relations Act, 29 U.S.C.A. § 157, is established by our decision, filed this day, in Schatte v. I.A.T. S.E., 182 F.2d 158, which involved the same violations of contract alleged in this case. Section 301 of the Taft-Hartley Act is inapplicable because the alleged breaches occurred before its enactment. Section 7 of the National Labor Relations Act creates no remedy for a refusal to bargain collectively except through unfair labor practice proceedings before the National Labor Relations Board.

■ Since this is a diversity case, and since no claim for relief under federal law is stated, the sufficiency of the complaint must be governed by the law of California, where the actions are brought and where the execution, performance and breach of the contracts allegedly took place. The question presented is whether or not an employer who "lays off" from work all persons employed by him who are members of a union with which he has a closed shop

agreement then in force and effect, and then replaces those members with non-members, is liable in an action for damages brought by one of the individual members of the aggrieved union. We hold that under California law the employer is not so liable.

 A collective bargaining agreement is not a contract of employment. Rather it is an agreement between the union and employer laying down certain conditions of employment which, it is contemplated, are to be incorporated in the separate contracts of hiring with each employee. Levy v. Superior Court in and for Los Angeles County, 1940, 15 Cal.2d 692, 699, 104 P.2d 770, 774, 129 A.L.R. 956; Yazoo & Mississippi Valley R. Co. v. Webb, 5 Cir. 1933, 64 F.2d 902. The employee, in addition to having rights under his individual contract of employment, may sue directly on the collective bargaining contract as a third party beneficiary to enforce the provisions in the contract which have been made for his benefit. Division of Labor Law Enforcement v. Dennis, 1947, 81 Cal.App.2d 306, 183 P.2d 932; Sublett v. Henry's Turk & Taylor Lunch, 1942, 21 Cal.2d 273, 131 P.2d 369. The amended complaints fail to allege that appellees violated a provision of the collective bargaining contract which had been made for appellants' benefit. The wrong alleged is that appellees discharged appellants. There is nothing contained in the contracts, such as a seniority clause, which limits appellees' right of discharge. Appellees were bound, it may be said, to hire only members of appellants' union to do carpentry work, and the hiring of non-members of the union in violation of the closed shop agreement may have entitled the union itself to equitable relief. Silva v. Mercier, 1949, 33 Cal.2d 704, 204 P.2d 609; Montaldo v. Hires Bottling Co., 1943, 59 Cal.App.2d 642, 139 P.2d 666. The hiring of union members only was an obligation created for the benefit of the union, not for the benefit of the individual employees as such. Appellants could be replaced with other members of their union without breach of the contracts. The fact that appellants were replaced by non-union members did not retroactively make wrongful a discharge from employment which,

when made, was within the terms of the contracts. The damage to appellants was only that indirect damage which they may have suffered as members of the union because of the violation of the union's contract rights. For such injury, the union alone could seek redress. Volquardsen v. Southern Amusement Co., La.App.1934, 156 So. 678; Milk Wagon Drivers Union v. Associated Milk Dealers, D.C., 1941, 42 F. Supp. 584.

Appellants urge error in the dismissal of the original complaints. Since appellants elected to amend, those complaints are not properly before this court.

Judgments affirmed.