[Civ. No. 19167.   Second Dist., Div. Two.   Oct. 15, 1952.]

HARRY BREITMAN, Appellant, v. IRVING BRODY et al., Respondents.

David Sokol for Appellant.

Max Albeck for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover certain wages alleged to be due for overtime, plaintiff appeals.

*Facts*: The Meat Cutters Local 421, an unincorporated labor organization of which plaintiff was a member, entered into a collective bargaining agreement with defendants which contained, among others, this clause: "Any and all claims for adjustment of salaries and hours shall be made on or before thirty (30) days from the time of which such adjustment is claimed."

Plaintiff was employed by defendants during the period from the week ending March 24, 1949, to November 18, 1950. On the latter date plaintiff was discharged because of shortages which had occurred in his cash drawer. On March 8, 1951, plaintiff instituted the present action to recover wages for alleged overtime and for vacation and sick leave occurring during 1950, for which he claimed he had not been paid.

It was stipulated that the trial court should determine preliminarily whether or not plaintiff had complied with the clause of the collective bargaining agreement set forth above.

The trial court found that no claim was ever asserted by plaintiff prior to November 20, 1950, which finding is supported by the evidence, and limited the proof as to any salary

for overtime, sick leave or vacation to the 30-day period immediately preceding November 20, 1950. Plaintiff then waived his claim for said period. He also waived any claim for sick leave and testified that he had been paid for his vacation, thus limiting his claim for overtime to the period from March 24, 1949, to October 20, 1950.

The trial court thereupon gave judgment in favor of defendants, holding that since a claim had not been presented to defendants by plaintiff within 30 days after the alleged overtime wages had accrued, he was barred from recovering for them.

*Questions:* First: *Was the clause in the collective bargaining contract limiting the period within which plaintiff might make a claim for wages void as against public policy and in violation of the Labor Code?*

*No.* Section 222 of the Labor Code reads as follows: ''It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either wilfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon.'' Section 223 reads: ''Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract,'' and section 219 reads in part, ''no provision of this article can in any way be contravened or set aside by a private agreement, whether written, oral, or implied.''

A fair construction of the Labor Code is that where a wage scale has been reached through a collective bargaining agreement, a private agreement to the contrary cannot set aside the wage scale. The clause here in question was not part of a private agreement between plaintiff and defendants but was part of the collective bargaining agreement itself. Therefore there is nothing in the quoted provisions of the Labor Code which invalidates the clause in the collective bargaining agreement fixing the period in which claims for adjustment of wages shall be made.

Likewise there is no merit in the contention that such clause is against public policy. There is nothing in the clause which is reprehensible or tainted with improper motives. It does not provide for the payment of wages lower than that provided in the collective bargaining agreement or in contravention of the wage scale therein established. It merely provides that in the event of a controversy concerning salaries or hours, a

timely claim for adjustment shall be made. ■ No dictate of public policy is violated by an agreement requiring either the employee or the employer to make a timely statement of his claim. The manifest intention of the clause is self-evident in that in the event of a controversy, the claim of either the employer or employee shall be promptly brought to the attention of the other party to insure prompt settlement and to prevent a situation such as in the case at bar—a long and secret accumulation of claims without bringing them to the attention of the other party.

Judge Kincaid, the trial judge, very aptly stated the situation as follows:

"Now, that was very clearly made for the benefit of both the employer and the employee, because it might very well occur that some misunderstanding, deliberate or otherwise, might ensue on the part of either employer or employee with reference to the subject of hours and salaries; and certainly it was the duty, under the terms of this agreement, Exhibit 2, subdivision E, that if any such controversy developed, the other side of the contract should be given notice of that claim, be given an opportunity to remedy it.

"I am compelled to agree that this provision E is quite different from an agreement between an employer and employee to vary the terms of a contract as covered by these cases that have been cited, and which have been held to be against public policy; but in the absence of any showing of fraud or any attempt to vary the terms of the contract of employment that would be in the nature of a violation of public policy, I find nothing that would violate public policy by requiring either the employer or the employee to state what their controversy is with the other, within a reasonable time of its development. I find this not to be unreasonable at all in its provisions; and certainly if an employee is entitled to $80 a week pay, and his employer gives him $70 for the week's work, he cannot go on accepting $70 over a period of several years' time without demand for the differential which he claims to be due him, and then for the first time, claim it under the provisions of this subdivision E of the contract; and by the same token, if the employer had for any reason been overpaying his employees, over the contract, and he was not doing so voluntarily, he would be required to state his controversy to the employee within the limit of time prescribed by the agreement between the parties."

Mr. Presiding Justice Barnard, in *Division of Labor Law Enforcement* v. *Dennis,* 81 Cal.App.2d 306, succinctly stated the proposition thus at page 311 [183 P.2d 932]: "Considering the nature of labor contracts, and the circumstances surrounding them, good reasons could well be advanced for providing a rather short period of limitation applicable to actions thereon, and for not permitting actions, based upon matters which were not within the contemplation of the parties during the time the work was in progress, to be filed long after the transactions have been completed."

Cases relied on by plaintiff are not here applicable for in such cases there was a private agreement contrary to the collective bargaining agreement or law establishing the wage scale, which agreement was therefore against public policy and void. ■ Hence, since plaintiff did not assert his claim within the time provided in the agreement, he waived any rights thereto.

■ Second: *Was the quoted clause ambiguous and did the trial court commit prejudicial error in refusing to receive testimony relative to parol discussions about its meaning?*

*No.* The clause in question was clear and unambiguous. It provided in certain language that if either the employer or employee had any controversy or claim as to either salary or hours he should be compelled to make it before the lapse of 30 days from the time for which the adjustment was claimed.

Therefore since the clause was unambiguous the trial court properly excluded extrinsic evidence relative to the provisions in the contract.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied November 6, 1952, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1952. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.