ARTHUR KOFSKY, Respondent, v. SMART AND FINAL IRIS COMPANY (a Corporation), Appellant.

Hoge & Perry for Appellant.

Loeb & Loeb, Henry P. Erlich and Laurence M. Weinberg for Respondent.

McCOMB, J.—This appeal is from an order granting a preliminary injunction restraining defendant from violating the Unfair Practices Act by selling cigarettes below cost with intent to injure competitors and to destroy competition.

We assume, for the purposes of this appeal only, that the record discloses the following facts:

Plaintiff and defendant were competitors in the wholesale tobacco business and in the sale of other products.  Defendant sold cigarettes at less than cost in violation of the Unfair Practices Act in order to injure competitors and destroy competition.  Plaintiff also had sold cigarettes and other merchandise below cost with a like intent thereby being guilty of violating the Unfair Practices Act.

■ *Questions:* First: *Since plaintiff had violated the Unfair Practices Act of the State of California, would the unclean hands doctrine, to wit, that equity will not aid one party or another to a transaction which is illegal or contrary to public policy where the parties are equally at fault, but will leave them just where it finds them, apply so as to prevent the granting of the preliminary injunction in favor of defendant?*

*No.* In the instant case the following provisions of the Business and Professions Code are applicable:

Section 17043 reads: "It is unlawful for any person engaged in business within this State to sell any article or product at less than the cost thereof to such vendor, or to give away any article or product, for the purpose of injuring competitors or destroying competition."

Section 17078 reads: "If it appears to the court upon any application for a temporary restraining order, or upon the hearing of any order to show cause why a preliminary injunction should not be issued, or upon the hearing of any motion for a preliminary injunction, or if the court shall find, in any such action, that any defendant therein is violating, or has violated, this chapter, then the court shall enjoin the defendant from doing all acts which are prohibited by the section, or sections, of which any provision thereof is being violated, or has been violated, by the defendant."

Section 17001 reads: "The Legislature declares that the purpose of this chapter is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or prevented."

Section 17002 reads: "This chapter shall be liberally construed that its beneficial purposes may be subserved."

Defendant, having violated the provisions of section 17043 of the Business and Professions Code, plaintiff was entitled to a preliminary injunction restraining such acts pending the trial of the action.

From a reading of section 17001 of the Business and Professions Code, *supra*, it is clear that the purpose of the Unfair Practices Act is to prevent acts which the Legislature declared to be against the public interest, and that the provisions of such code should be liberally construed for this purpose is expressly stated in section 17002 of the code.

In construing the Unfair Practices Act, in *Wholesale Tobacco Dealers Bureau* v. *National Candy & Tobacco Co.*, 11 Cal.2d 634 [82 P.2d 3, 118 A.L.R. 486], the court, at page 646, says, "That the prevention of monopolies and the fostering of free, open and fair competition and the prohibition of unfair trade practices is in the public welfare is obvious, and requires no further citation of authority."

Again, at page 663: "The statute embodies the concept that sales made at a loss to the seller, when made for the purpose of injuring or destroying competition, are predatory and anti-social in character." (See also *People* v. *Centr-O-Mart*, 34 Cal.2d 702, 704 [214 P.2d 378].)

Section 17078, *supra*, provides that upon the trial court's finding that a defendant has violated any of the provisions of the Unfair Practices Act, "the court shall enjoin the defendant from doing all acts which are prohibited by the section." It is therefore evident that it was mandatory in view of the findings in this case for the trial judge to· grant the preliminary injunction.

It is settled that the equitable rule that "he who comes into equity must come with clean hands," has no application where the failure to restrain an act because the parties are *in pari delicto* would result in permitting an act declared by statute to be void or against public policy. (*Simmons* v. *Simmons*, 19 F.2d 690, 691 [57 App.D.C. 216, 54 A.L.R. 75]; *People* v. *Gordon*, 105 Cal.App.2d 711, 721 [234 P.2d 287]; see also *Heflinger* v. *Heflinger*, 136 Va. 289 [118 S.E. 316, 318, 32 A.L.R. 1088].)

Therefore, since in the instant case the acts which defendant was restrained from doing were against public policy, the rule just stated is applicable and it is immaterial so far as the present proceedings are concerned whether plaintiff had unclean hands or not.

Second: *Should the injunction as issued by the trial court be broadened to include other acts of the defendant, as suggested by plaintiff?*

*No.* Plaintiff has not appealed from the preliminary injunction issued by the trial court. Therefore we must assume that plaintiff is satisfied with the extent of it. Should this not be true, the matter may be properly considered upon another application to the trial court.

The order is affirmed.

Moore, P. J., and Fox, J., concurred.