## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 8776.   Nov. 28, 1955.]

MICHAEL W. LEAHY, a Minor, etc., Appellant, v.
DONALD C. SMITH, Respondent.

Jones & Jones for Appellant.

Gordon P. Shallenberger for Respondent.

Before Shaw, P. J., Bishop, J., and Patrosso, J.

THE COURT.—The sole question presented by this appeal by the plaintiff from the judgment of nonsuit is whether the plaintiff, a nonunion employee of defendant, is entitled to rights as a third party beneficiary under two collective bargaining agreements entered into between the union and the defendant employer. Plaintiff does not claim to be a union member and holds only a "work permit" card issued by the union.

The right of a union member to recover as a third party beneficiary under such an agreement has been recognized in California (*Sublett* v. *Henry's etc. Lunch* (1942), 21 Cal.2d 273, 275 [131 P.2d 369]; *Division of Lab. Law Enforcement* v. *Dennis* (1947), 81 Cal.App.2d 306, 308 [183 P.2d 932]; *MacKay* v. *Loew's, Inc.* (1950, C.A.9th), 182 F.2d 170, 172, cert. den. 340 U.S. 828 [71 S.Ct. 65, 95 L.Ed. 608]). But whether a nonunion employee is such an intended beneficiary has not been decided.

"If the contract purports to be made for the benefit of all employees, both members and nonmembers of the union, an action for its breach may be maintained by one who is not a member of the union." (56 C.J.S. 270, Master and Servant, § 28(83)(b).) And in 18 American Law Reports 2d, at page 370, appears the statement: "It has been generally held that a collective labor agreement between an employee and a labor union for the benefit of all the employees, or a class of employees, may be enforced by an individual employee, within the scope of the agreement, even though he is not a member of the contracting union." This same criterion is laid down by the cases from other jurisdictions which have discussed the problem. (*Yazoo & M. V. R. Co.* v. *Webb* (1933), 64 F.2d 902, 904; *Yazoo & M. V. R. Co.* v. *Sideboard* (1931), 161 Miss. 4 [133 So. 669]; *Gregg* v. *Starks* (1920), 188 Ky. 834 [224 S.W. 459]; *Coyle* v. *Erie R. Co.* (1948), 142 N.J.Eq. 306 [59 A.2d 817]; rev'd on other grounds 1 N.J. 350 [63 A.2d 702].) As said in *Yazoo & M. V. R. Co.* v. *Sideboard, supra,* at page 671: A nonunion member may recover "(1) When the terms of the contract are expressly broad enough to include the third party either

by name or as one of a specified class, and (2) the said third party was evidently within the intent of the term so used, the said third party will be within its benefits, if (3) the promisee had, in fact, a substantial and articulate interest in the welfare of the said third party in respect to the subject of the contract.''

■ The two collective bargaining agreements in this case cover two different periods of time, and plaintiff was employed by defendant in parts of each period. The contracts are attached as exhibits to the complaint, and their execution is admitted by the answer, so no question of proof arises in regard to them. The two agreements are substantially alike. On reviewing them, we conclude that the plaintiff was within the class of persons for whose benefit they were intended.

In the first paragraph of each agreement is a provision requiring new employees who are not members of the union to join it within a limited period of time, but such nonunion persons may continue to work on union permits. This provision is for the benefit of the union and does not affect the plaintiff here. (*MacKay* v. *Loew's, Inc., supra,* 182 F.2d 170, 172.)

One paragraph of each agreement provides that concessionaires of defendant shall enter into ''collective bargaining agreements with the union in behalf of the employees in such stores, markets or establishments.'' This appears to be a statement of the general purpose of the agreement.

In a following paragraph there is provision for a trust fund to be contributed by the employer to provide benefits ''to the Employees of the Employers, members of the Union.''

In all other cases the agreements designate the persons for whose benefit they are intended by the words ''employees'' or ''employee'' or by other words merely stating the nature of the position held, without, in any case, anything limiting these designations to persons who are members of the union.

Construing these provisions together, we conclude that the general purpose of the agreements is to make provisions for the benefit of all employees of the defendant, and that in any case to which such intent does not extend, words of express limitation are to be found.

Plaintiff is therefore entitled to sue on the agreements. He gave testimony which need not be reviewed here, from which it could be inferred that he was entitled to recover some amount of money in excess of what he had been paid. The nonsuit was erroneous.

The judgment is reversed.