[Civ. No. 27390. Second Dist., Div. Four. Nov. 18, 1963.]

LESLIE L. WATERS, Plaintiff and Respondent, v. SAN DIMAS READY MIX CONCRETE, Defendant and Appellant.

Downs & Vroman and Walker W. Downs for Defendant and Appellant.

Allard, Shelton & O'Connor and Charles S. Vogel for Plaintiff and Respondent.

KINGSLEY, J.—Action to recover difference between wages paid plaintiff and amounts payable under collective bargaining agreement.

Although the facts are not in dispute the parties are poles apart as to the applicable rules of law to the facts hereinafter set forth.

Leslie L. Waters (plaintiff herein), a member of The International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, was employed by San Dimas Ready Mix Concrete (defendant herein) from February 1956 to February 1960, as a driver of concrete mix trucks. During the period of this employment defendant had entered into two collective bargaining agreements with The International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America. The first agreement was in force from October 1, 1955, to September 30, 1958; and the second was in force from October 1, 1958, until September 30, 1961. The collective bargaining agreements provided, among other things, that employees would be paid time and one-half straight time for all work performed in excess of eight hours in any one day or in excess of forty hours in any week, whichever was the greater.

Defendant employed an average of eight truck drivers. Its operation was small, with 25 per cent of the orders coming in on an hour's notice. If there were no deliveries to be made after the lunch period defendant usually dismissed the drivers for the remainder of the day. Split shifts were prohibited by the agreements. Should orders come in after the drivers had been sent home, outside drivers were hired to make the deliveries. Had defendant not operated in this fashion, the regular drivers might do nothing for several hours only to make a late delivery which would result in overtime, requiring one and one-half times regular pay.

The employees preferred defendant to keep the crew small and not to put on additional men, and to work whatever time there would be available at straight time pay. To eliminate any misunderstanding, each man, including plaintiff, was given a slip of paper or ballot to choose whether to work on a straight time basis or to adhere strictly to the union contract. The decision of the employees, including plaintiff, was unanimous to work at regular straight time, regardless of the number of hours worked. Plaintiff admits that he was never forced by defendant to sign the aforesaid, nor was

plaintiff promised more hours if he would accept regular pay.

Sometime after his termination of employment with defendant, the plaintiff filed a formal complaint with the Labor Commisisoner of this state against defendant for the same claims involved in the case now before us. However, that action was dismissed for the reason that too much time had elapsed to permit the Labor Commisioner to file a criminal complaint. Thereafter, plaintiff instituted the present action in July of 1961. Judgment was rendered in plaintiff's favor under the collective bargaining agreement in effect from October 1, 1958, until September 30, 1961, wherein plaintiff was awarded an accounting and wages in the amount of $721.36 plus costs in the amount of $228.46.

## I

■ The defendant contends that the plaintiff should be barred from any and all recovery of overtime wages because of the operation of the doctrines of equitable estoppel,[1] unclean hands and *pari delicto*. As the following analysis will point out, this contention is without merit.

Section 222 of the Labor Code provides: "It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, ... wilfully ... to withhold from said employee any part of the wage agreed upon." Section 219 of the Labor Code, in part states: "... no provision of this article can in any way be contravened or set aside by a private agreement, whether written, oral, or implied." Section 225 of the same code makes it a misdemeanor to violate any of the provisions of sections 221, 222, 222.5 or 223.

In *Kerr's Catering Service* v. *Department of Industrial Relations* (1962) 57 Cal.2d 319, the court states at page 328 [19 Cal.Rptr. 492, 369 P.2d 20] : " ' "The imposition by statute of a penalty implies a prohibition of the act referred to and a contract founded upon such act is void." ' " And in *Breitman* v. *Brody* (1952) 113 Cal.App.2d 642, 644 [248 P.2d 932], this court stated: "A fair construction of the Labor Code [§§ 222, 223, 219] is that where a wage scale has been reached through a collective bargaining agreement, a

---

[1]Section 1962, subdivision 3, of the Code of Civil Procedure states: "Whenever a party has, by his own declarations, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act on such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

private agreement to the contrary cannot set aside the wage scale."

Since it is the law and the public policy of this state that the employer and employee are not permitted to subvert a collective bargaining agreement by way of a private agreement, the equitable defenses of unclean hands and *pari delicto*, urged by defendant, are not applicable. (*Kofsky* v. *Smart & Final Iris Co.* (1955) 131 Cal.App.2d 530 [281 P.2d 5].) Nor may equitable estoppel be urged, since such defense is not available where the contract is illegal. (*American National Bank* v. *A. G. Sommerville, Inc.* (1923) 191 Cal. 364 [216 P. 376].)

## II

██ Defendant also contends that plaintiff specifically waived his right for overtime pay under the collective bargaining agreement by not presenting his claim in writing to defendant within the time limits provided by said agreement.

The pertinent provision of the collective bargaining agreement setting forth the time limits in which an employee has to present any disputes to his employer, contains the following:

"Section 2. TIME LIMIT. Any dispute not presented to the Employer in writing within thirty (30) days from the date of the occurrence giving rise to the dispute, or as provided in Article IX, shall be waived for the purpose of this Article, but nothing contained herein shall affect or qualify the right of an employee of the Union to process complaints through the Labor Commissioner of the State of California or to institute legal proceedings."

The 30-day provision relied on by defendant as barring plaintiff's action, is misconstrued by defendant. This 30-day limitation on presenting claims to the employer is the time in which the employee must submit his grievance, if he wants such settled by arbitration. By the express language of the contract, this time limitation is in no way a bar for the employee to avail himself of his normal legal remedies; the only bar for instituting legal proceedings would be the four-year statute of limitations. (Code Civ. Proc., § 337; *Division of Labor Law Enforcement* v. *Dennis* (1947) 81 Cal.App.2d 306 [183 P.2d 932].)

In *Breitman* v. *Brody, supra* (1952) 113 Cal.App.2d 642, cited by defendant in support of its contention that the

plaintiff is barred from instituting any proceeding because he did not comply with the time limitations in the collective bargaining agreement, is easily distinguishable from the case at bar. In *Breitman* the time limitation was a bar to the institution of any proceeding;[2] in the case at bar, as pointed out earlier, the time limitation only applies to the institution of arbitration proceedings.

### III

■ Finally, the defendant alleges that there was error in the computation of the overtime wages due plaintiff, in that in the computation, no deduction was made for the time plaintiff did not clock out for lunch. However, defendant's own computation of hours worked by plaintiff made no allowance for the time plaintiff did not clock out for lunch. If it is to receive credit for a lunch period, it was incumbent upon defendant to show the amount of time involved. No such showing having been made, and the point being urged for the first time on appeal, defendant cannot now complain.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 4, 1963, and appellant's petition for a hearing by the Supreme Court was denied January 7, 1964.

---

[2]The language in the *Breitman* case read (at p. 643): " 'Any and all claims for adjustment of salaries and hours shall be made on or before thirty (30) days from the time of which such adjustment is claimed.' ".